**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT COTNER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-12-1368-M** |
| | ) | |
| **WARDEN McCOLLUM,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner appearing pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he appears to challenge his incarceration and/or the execution of his sentence. Pursuant to an order by United States District Judge Timothy D. DeGiusti,[1] the matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the following reasons, it is recommended that the action be dismissed on filing. The Petition, in its entirety, states:

THIS CASE CONCERNS:

(a) the administration of petitioners sentences, 3rd page that mandates, release from prison at some point, TO return to sentencing Court 6 months afterward, THAT the respondents are VIOLATING petitioner's accrued rights to, as he has discharged his sentence.

(b) Entitlement to release from prison UNDER STATE DEFINATIONS, court rules, statutes, constitution, and/or under FEDERAL rules, statutes, constitution, 10th Cir. And Supreme Court opinions..warranting 2241 relief, requires and entitles 2241 relief.

---

[1] After the referral, the case was transferred to Chief Judge Miles-LaGrange. ECF No. 5.

(c)   Right to 2241 relief, or injunctive order COMPELLING state/respondents TO COMPLY with their OWN definitions, court rules, statures, constitution AND Federal statutes, Supreme Court, 10th circuit opinions, and constitution WHICH WOULD ENTITLE petitioner TO RELEASE, IF the respondents did so.

(d)   Suspension of DUE/PROCESS/EQUAL PROTECTION of laws, HABEAS Corpus, federal 1st., 8th., and 14th amend. Rights set out in 12 O.S. )( 1333- 1334 ENTITLING petitioner to 2241 relief.

(e)   Ex post facto ADMINISTRATIVE ENHANCEMENTS of petitioner's sentence/punishment CHANGING it to ONE OF DEATH, (A sentence SPECIFCALY rejected by the Trial Court and Jury) and as specifcally PROHIBITED by the CLEAR WORDING of the 3rd. Page of petitioner's Sentencing Document, and WITH the legislative DEFINATION in the Matrix and Life sentences, Entitles Petition to 2241 relief AT THIS TIME.

Due to respondents IMPEADIMENTS to state exhaustion of remedies required by federal law BEFORE claims could be raised in Habeas, these claims were exhausted by order of the Okla. Supreme Court Oct. 10, 2011 AND ARE NOT subject to any time bars or 2nd application bars.

Petitioners claims can be 100 % proven in a hearing on the merits AS required under several federal statutes AND supreme Court holdings.

Petition, 1-2.  The undersigned finds the Petition to be second and successive, and an abuse of the writ. Although second and successive petitions brought in this Court under 28 U.S.C. § 2254 require that permission first be sought in the Tenth Circuit Court of Appeals, there is no such requirement for petitions under § 2241. *Shirley v. Davis*, No. 12-1394, 2013 WL 1136960, *2 (10th Cir. Mar. 20, 2013) (unpublished op.) (citing *Stanko v. Davis*, 617 F.3d 1262, 1269 n. 5 (10th Cir. 2010)). Although the "prior

authorization" gatekeeping provision does not apply to a state prisoner's § 2241 petition, this Court has the authority to dismiss it as an abuse of the writ under the same standards governing second and successive § 2254 petitions under 28 U.S.C. § 2244(b).

> The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." In *McCleskey v. Zant*, 499 U.S. 467 (1991), we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *Id.*, at 489. The added restrictions which the Act places on second habeas petitions are well within the compass of this evolutionary process ....

*Felker v. Turpin*, 518 U.S. 651, 664 (1996) (parallel citations omitted).

The Tenth Circuit Court of Appeals has clearly recognized that any interpretation of the AEDPA that would make it easier for petitioners to obtain review of second or subsequent habeas applications "would be inconsistent with Congress' stated intent in enacting AEDPA to 'curb the abuse of the statutory writ of habeas corpus.'" *Daniels v. United States*, 254 F.3d 1180, 1193 n. 9 (10th Cir. 2001)(en banc). Thus, the undersigned finds that 28 U.S.C. § 2244(b)(1) should guide the Court in determining whether a state prisoner's § 2241 petition should be dismissed as an abuse of the writ:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Applying this standard, the undersigned finds that the Petition herein presents claims that have been presented by Petitioner in several previous habeas petitions. In

Case 5:12-cv-01368-M   Document 16   Filed 04/04/13   Page 4 of 6

fact, this is Petitioner's third presentation of these claims in 2012 alone. *See* Case Nos. CIV-12-900-M, CIV-12-1398-C. Because of Petitioner's repeated presentation of these claims, the Tenth Circuit Court of Appeals, and the United States District Courts for the both the Eastern and Northern Districts of Oklahoma, have imposed filing restrictions upon Mr. Cotner for his abusive litigation in habeas matters.[2] *Cotner v. Boone*, No. 01-7096, 48 Fed. Appx. 287, 290 (10th Cir. Sept. 13, 2002); *see Cotner v. Nichols*, No. 95-5087, 1995 WL 649734, at *1 (10th Cir. Oct. 31, 1995) (approving of filing restrictions imposed by the Northern District due to Mr. Cotner's history of frivolous and vexatious litigation); *Cotner v. Trammel,* No. CIV-11-198-JHP-KEW (E.D. Okla. July 18, 2001) (referring to Tenth Circuit's approval of filing restrictions).

In the undersigned's Report and Recommendation in *Cotner v. McCollum*, Case No. CIV-12-1398-C (W.D. Okla. Apr. 4, 2013) (Erwin, M.J.), it was recommended that the following filing restrictions be imposed in light of Petitioner's history of filing frivolous and repetitive habeas actions in this Court:

> 1.   Mr. Cotner must present all future habeas petitions, whether filed under § 2254 or § 2241, upon the form petition provided for such use in this District. No additional pages shall be attached or inserted;
>
> 2.   All future petitions must include a signed and sworn attachment listing every petition or other application for post-conviction relief filed by Mr. Cotner in this or any other court of law or equity (whether state or federal). Each case must be listed in the following manner: by style (title) of the case; docket number; court; date filed; description of the case; and disposition and date thereof;

---

[2] Mr. Cotner is also subject to filing restrictions with regard to civil rights actions under 42 U.S.C. § 1983.

3. All of Mr. Cotner's petitions must include an affidavit (1) citing to the order imposing these filing restrictions; (2) stating affirmatively that he has complied with all filing restrictions; and (3) concluding with a paragraph that Mr. Cotner has signed the petition, the list of prior litigation, and the affidavit "In Accordance with Rule 11 of the Federal Rules of Civil Procedure, in full acknowledgment of the representations that are being made to the Court thereby."

The undersigned found these restrictions to be necessary in light of Mr. Cotner's history of filing frivolous and vexatious petitions; his habit and custom of filing successive and frivolous habeas actions takes away from the time needed to consider the habeas actions brought by other prisoners. The undersigned further found that the proposed restrictions leave Mr. Cotner with adequate access to this Court for any future habeas actions, and are narrowly tailored to stem his particular pattern of abusive and repetitive habeas litigation. Although the undersigned has not recommended prior approval of proposed habeas actions, Petitioner was cautioned that restrictions that are more stringent would be considered if he continues to abuse the writ. Although the Report and Recommendation in Case No. CIV-13-1398-C is still pending, the undersigned finds that this case provides further support for the imposition of such restrictions.

The root of this Petition and those filed in the other United States District Courts in Oklahoma is—as it has always been—Petitioner's argument that the State has failed to shorten the length of his life sentence, which he incorrectly believes is required by a 1997 amendment to Oklahoma's sentencing law. Accordingly, it is recommended that the Petition be dismissed with prejudice as an abuse of the writ.

5

## RECOMMENDATION

In light of the foregoing, it is recommended that Petitioner's 2241 Habeas Application be dismissed with prejudice as abusive of the writ of habeas corpus. Petitioner is hereby advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Any such objections should be filed with Clerk of the District Court by **April 22, 2013.** Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF THE REFERRAL

This Report and Recommendation terminates all matters referred to the undersigned in the above captioned case.

**ENTERED** on April 4, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE